

**The New York Times Company**

David McCraw
Senior Vice President &
Deputy General Counsel

T 212 556 4031

mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

August 26, 2019

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   *Gwynn X. Kinsey, Jr., v. The New York Times Company*, 18-cv-12345-VSB

Dear Judge Broderick:

I am counsel for Defendant The New York Times Company ("The Times") in the above-referenced action. I write in response to Plaintiff's correspondence of August 26, 2019, concerning the Second Circuit's recent decision in *Palin v. New York Times Co.*, --- F.3d ---, 2019 WL 3558545, 2019 U.S. App. LEXIS 23439 (2d Cir. Aug. 6, 2019).

First, unmentioned in Plaintiff's letter is the fact that on August 20, 2019, The Times filed a petition for a rehearing by the panel or, alternatively, by the Second Circuit *en banc*. 17-3801, Dkt. No. 108. Among the petition's grounds is the panel's conflation of "reckless" conduct, as the term is used in tort law, with the concept of "reckless disregard" in the actual malice analysis. *See id.* at 7-14.

Second, while Plaintiff's letter cites the case-specific allegations that were relied upon by the panel to find actual malice adequately pleaded in *Palin*, the relevant takeaway for this matter is the Second Circuit's reaffirmation of the analysis set forth in The Times's motion to dismiss – namely, that the "critical question" in the actual malice analysis is "the state of mind of those responsible for the publication," and a plaintiff's actual malice pleadings must satisfy "the plausibility standard" erected by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Palin*, 2019 U.S. App. LEXIS 23439, at *8, 24.

Respectfully submitted,

*/s/ David E. McCraw*

David E. McCraw

cc:   Barry Coburn (via ECF)